Berger, Respondent, vs. Alan Realty Company and another, Appellants.

*September 11—October 9, 1956.*

For the appellants there was a brief by *Alfred J. Sapiro* and *Elliot N. Walstead,* both of Milwaukee, and oral argument by *Mr. Walstead.*

For the respondent there was a brief by *Howard E. Halaska* of Elm Grove, attorney, and *Robert T. McGraw* of Waukesha of counsel, and oral argument by *Mr. Halaska.*

MARTIN, J. Alan Realty Company is a builder; Russell C. Nelsen was employed by the company as a fieldman. Plaintiff Jerrold Berger is in the grading and landscaping business. In June, 1954, Nelsen contacted the plaintiff with respect to grading and landscaping on a project being developed by Alan Realty. Plaintiff prepared a written contract, mailed it to Nelsen, who signed and returned it on June 30, 1954.

In paragraph 1 of the contract the price "for work performed and materials furnished as herein set forth, shall be . . . Time and material plus 10 per cent to be paid once a week." It further provided:

"2– Work to be done: erect retaining walls, and sod banks where necessary, grade lots and install driveways size of walls and areas to be sodded will be at landscapers discression.

"3– Materials, Trees, Schrubs, Grass, etc., to be furnished:

"Top soil 6 yds. $14.00;
Sod good clean soil .30 sq. yd. delivered;
Wallstore $8.00 ton delivered, labor 3.00 hr.;
Bulldozer 8.00 hr. single axel truck 4.50 hr. rubber
tire loader 6.00 hr. wallstore mason 4.00 hr."

The question involved is whether the parties contracted for labor and materials at specific prices plus 10 per cent or at actual net cost to plaintiff plus 10 per cent.

While there is some conflict in the testimony as to what the understanding of the parties was prior to execution of the contract, we deem it unnecessary to detail the testimony at length. The language of the contract itself, considered in connection with the facts which are undisputed, requires that the judgment of the trial court be affirmed.

Plaintiff commenced work on the grading and landscaping June 14th. Sometime before July 12th he sent to Alan Realty itemized statements dated June 26th, July 2d, and July 8th, totaling $4,142.87. The statements specified the number of hours of labor, truck and bulldozing service, etc., and the amounts of the various materials, sod, dry wall, etc., all at the charges set out in paragraph 3 of the contract, and the statement of July 8th, which totaled the charges, included the additional charge of $376.62 for "10 per cent of above as per contract."

It is undisputed that the charges specified in the contract were over plaintiff's actual net costs of labor and material. The statements rendered evince the plaintiff's interpretation of the contract as calling for the specified prices, rather than his actual cost, plus 10 per cent.

On July 12th Nelsen and Emanuel Lozoff, president of Alan Realty, visited the plaintiff on the job and gave him a check for $2,500 on the account. At that time there was no.

discussion concerning the charges made in the statements. Nelsen and Lozoff admit they made no objections thereto; nor did they object to the quality of the work or the time it was taking. In our opinion, the payment without objection on July 12th conclusively shows an acceptance by defendants of the interpretation placed on the contract by the plaintiff and manifests a meeting of the minds of the parties. Thereafter the company received similar weekly statements, and it was not until July 23d, at a conference between the parties, that Lozoff complained about the charges and asked for figures as to plaintiff's actual cost of materials and hourly rates paid to his men.

Plaintiff's interpretation of the contract, as evidenced by his itemized statements and as accepted by defendants when they made the $2,500 payment, is a far more reasonable interpretation than that which is now suggested by defendants. Nowhere in the contract is language employed which would indicate that the price was to be plaintiff's actual net cost or that the charges enumerated in paragraph 3 represented such actual cost. Where the contract provides for "time and material" and sets out specific charges for various types of labor and various kinds of materials, it would do violence to the language of the contract to interpret it as calling for actual net cost to the contractor. Although defendants use "time and material" and "cost-plus" synonymously, the terms may not be so considered without regard to the context in which they are used.

Defendants rely on *Nolop v. Spettel* (1954), 267 Wis. 245, 64 N. W. (2d) 859, where this court said that the words "time and material" should be given a restricted meaning and will not include overhead charges. It must be pointed out, however, that the contract under consideration in that case specified "the actual net cost to the contractor" of the materials furnished and labor performed, and defined in detail what the term "actual net cost" should include; the court

held that the term "actual cost" governed the entire contract. In the instant case the contract contains no such language. On the contrary, it sets out precisely the charges which shall apply to "time and material."

The *Spettel Case* is again referred to in defendants' argument that their receipt of weekly statements and partial payment without objection have no significance here. It must be noted that the contract in the *Spettel Case* mentioned no amounts whatever; the charges were to be "actual net cost to the contractor . . . plus a profit of 10 per cent." When Spettel received and paid the statements submitted he was under the impression that all the charges made were for amounts actually paid out by the contractor and did not object until he learned from one of the employees that the hourly rates paid for labor were less than the rates charged to Spettel. The court could not agree with the argument that Spettel, in making the payments and failing to complain, waived any objection to overcharge, since it appeared that Spettel was not aware that the charges presented to him were more than actual net cost.

As pointed out above, the contract here did not specify "actual cost." It is significant, also, that the defendant company is in the building business and its officers, who are attorneys, had previous experience with "cost-plus" contracts. They testified they either did not read or did not see the contract until late in July. They did, however, see the weekly statements. That men of their training and experience would not recognize that the charges made therein were higher than actual cost is incredible. Whether the facts are viewed as constituting a waiver or not, they do constitute compelling evidence that the defendants' interpretation of the contract was the same as that of the plaintiff.

Since the action of the defendants in receiving and making partial payment of the plaintiff's statements shows that it was mutually understood the contract provided for time and ma-

terials at specific prices, and since that is the reasonable interpretation öf the plain and unambiguous language of the contract, there is no need for the application of rules of construction.

*By the Court.*—Judgment affirmed.